UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darryl Gill, | Case No. _____ |
| Plaintiff, | |
| vs. | COMPLAINT |
| Joshua Stewart and Sundiata Bronson in their individual capacities as officers of the Minneapolis Police Department, | JURY TRIAL DEMANDED UNDER FRCP 38(b) |
| Defendants. | |

---

For his Complaint, plaintiff Darryl Gill ("Gill") hereby states and alleges as follows:

1. This is an action for money damages for injuries sustained by Gill as a result of the use of excessive force and violation of his constitutional rights by the defendants.

2. Gill brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and 28 U.S.C. §§ 1331 and 1342(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

3. Gill, a 33 year-old African-American man, is and was at all times material herein, a citizen of the United States and a resident of the State of Minnesota.

4. Defendant Joshua Stewart ("Stewart"), upon information and belief, was, at all times material herein, a citizen of the United States and a resident of the State of Minnesota, duly appointed and acting as an officer of the Minneapolis Police Department.

5. Defendant Sundiata Bronson ("Bronson"), upon information and belief, was, at all times material herein, a citizen of the United States and a resident of the State of Minnesota, duly appointed and acting as an officer of the Minneapolis Police Department.

6. On April 25-26, 2012, Gill was in downtown Minneapolis at a nightclub with some friends.

7. Shortly after 2:00 a.m. on April 26, 2012, when Gill left the nightclub, Officers Stewart and Bronson approached Gill and told him he was under arrest, ostensibly because they knew there was a gross misdemeanor warrant out for Gill's arrest.

8. Gill had done nothing wrong and committed no criminal act on April 26, 2012 to draw attention from the defendant officers.

9. Bronson immediately grabbed Gill while Stewart told him he was under arrest.

10. Bronson and Stewart then roughly brought Gill to the ground, injuring Gill's ribs even though he was not resisting arrest. They secured him in handcuffs.

11. Bronson and Stewart then lifted Gill off the ground, walked him over to a squad car, and pushed him up against the passenger-side, rear quarter-panel.

12. Bronson began searching the handcuffed Gill, who did not resist.

13. At this time several people were watching Gill's interaction with the police, including one of Gill's friends.

14. Without justification, and seemingly in response to something the crowd or Gill's friend said (none of whom were arrested at the scene for interfering with law enforcement), Bronson grabbed Gill by one of his dreadlocks and pulled his head down toward the trunk of the squad car.

15. After Gill's head could move down no further, Bronson yanked even harder on Gill's dreadlock and pulled it right out of Gill's scalp.

16. Gill, in obvious pain, then said something to Bronson to the effect of knocking Bronson out if Gill were not in handcuffs.

17. Bronson responded to Gill's statement by violently jerking Gill's left arm so hard that he fractured Gill's wrist in two places.

18. Gill cried out in obvious pain when Bronson fractured his wrist.

19. Gill was then placed in the squad car and taken away from the scene before being transferred to the booking van to be taken to the Hennepin County Jail.

20. Gill was booked into the Hennepin County Jail where he remained for several hours prior to being released on bail.

21. Despite his requests, Gill received no medical treatment at the jail.

22. Gill sought treatment at the Emergency Department of Hennepin County Medical Center at 7:20 a.m. on April 26, 2012 for left wrist pain and right-sided rib pain.

23. Gill was diagnosed with a distal radial fracture, dorsal surface and an ulnar styloid fracture. His wrist was splinted and he was given a prescription for Vicodin to control the pain.

24. Gill's wrist pain increased and he returned to HCMC on April 28 and again on May 10. On May 10 he was put into a short-arm cast, which he wore until May 31.

25. Gill has incurred over $3,500 in medical bills to date related to his wrist fractures.

26. Gill was initially charged with obstructing legal process, but the charges were dropped.

27. The force Defendants Stewart and Bronson used on Gill was unauthorized, excessive, and constitutionally improper.

28. The force Defendants Stewart and Bronson used on Gill was malicious and conducted for the very purpose of causing pain and/or injury.

29. Defendants Stewart and Bronson tried to cover up their misconduct by filing false and misleading police reports in this matter, including wholly omitting any use of force on Gill after he was handcuffed.

30.  Gill never physically resisted either of the officers.

31.  The severity of any potential crime at issue was relatively minor as Gill was being arrested for a warrant related to a driving offense.

32.  Gill did not pose an immediate threat to the safety of any of the police officers or others at any time; in fact, when his wrist was broken he was handcuffed and surrounded by officers.

33.  Gill did not attempt to evade arrest by flight and did not actively resist arrest.

34.  Finally, the defendant police officers were armed with various weapons, including firearms, while Gill had no weapon.

35.  Plaintiff demands a jury trial as to all issues of fact herein.

36.  By the actions described above, Defendants Stewart and Bronson, under the color of state law, violated and deprived Gill of his clearly established and well-settled rights to be free from excessive force.

37.  Defendants Stewart and Bronson subjected Gill to this deprivation of rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

38.  As a direct and proximate result of the acts and omissions of Defendants Stewart and Bronson, Gill suffered serious injury, was forced to endure pain and mental suffering, and was thereby damaged in an amount yet to be determined, but believed to be in excess of One Hundred Thousand Dollars ($100,000.00).

39.  Punitive damages are available against Defendants Stewart and Bronson and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

40.  Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

WHEREFORE, plaintiff Darryl Gill prays for judgment against Defendants Joshua Stewart and Sundiata Bronson as follows:

1. A money judgment for compensatory damages in an amount in excess of One Hundred Thousand ($100,000) Dollars and punitive damages in an amount to be determined by the jury, together with costs, including reasonable attorney fees, under 42 U.S.C. § 1988 and prejudgment interest;

2. For such other and further relief as this Court deems just and equitable.

Dated: 10-4-12

GASKINS BENNETT BIRRELL SCHUPP L.L.P.

*Ryan O. Vettleson*

Robert Bennett, #6713
Ryan O. Vettleson, #312915
Kathryn H. Bennett, #392087
333 South Seventh Street, #2900
Minneapolis, MN 55402
Telephone: 612-333-9500
rbennett@gaskinsbennett.com
rvettleson@gaskinsbennett.com
kbennett@gaskinsbennett.com
Attorneys for Plaintiff

5